**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SONIA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-0183-SEB-VSS |
| ) | |
| FAMILY SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion to Dismiss**

This is a civil rights action in which plaintiff Sonia Anderson ("Anderson") alleges that her former employer, the Indiana Family and Social Services Administration (hereafter "IFSSA"), discriminated against her in various ways. Anderson alleges her medical restrictions were ignored by her employer, she received a reprimand, and she was terminated while on sick leave. The IFSSA challenges the legal sufficiency of Anderson's complaint through its motion to dismiss for failure to state a claim upon which relief can be granted. Such a motion should be employed only when the complaint does not present a legal claim, *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir. 1999), and may be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). Despite having had the opportunity to do so, Anderson has filed no response to the motion to dismiss.

Whereupon the court, having read and examined Anderson's complaint and the unopposed motion to dismiss, and being duly advised, now finds that the motion to dismiss must be **granted.** This conclusion rests on the following facts and circumstances:

1. Anderson's complaint is most reasonably understood as asserting a claim under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* This legislation prohibits disability discrimination in employment and requires employers to makes reasonable accommodations of otherwise qualified employees with disabilities. 42 U.S.C. § 12112. The ADA specifically abrogates states' Eleventh Amendment immunity from suit. However, the United States Supreme Court has squarely held that the ADA did not validly abrogate the Eleventh Amendment immunity of states and their agencies. *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356 (2001). Anderson cannot proceed against the State of Indiana or its agency, the IFSSA, under Title I of the ADA insofar as she seeks retrospective relief, and as to this claim the motion to dismiss must be **granted.**

2.     Because the sole defendant in this action is a state agency, rather than a state official, the same conclusion is reached with respect to any claim Anderson's complaint can be understood to assert seeking injunctive relief. *Nelson v. Pennsylvania Dept. of Public Welfare,* 244 F.Supp.2d 382, 390 (E.D.Pa. 2002) ("state agencies like the DPW are entitled to Eleventh Amendment immunity").

3.     Anderson's complaint also contains her assertion that she is "entitled to relief in this action because: harassed on disability, age, ethic rights, basic harassment and on relious [sic], hours, pay rate, training, notes on computer." The IFSSA is correct that the mere reference to these factors does not support a claim for relief. Even if the court concluded otherwise with respect to any or all of them, moreover, each would have to be channeled through the EEOC prior to filing suit, with suit filed within 90 days of issuance of a notice of the right to sue by the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117 (applying Title VII enforcement provisions, including 90-day limitations period, to ADA); 29 U.S.C. § 626(e) (providing 90-day limitations period for filing ADEA civil suit after notice of right to sue). The 90 days begin to run upon plaintiff's "actual receipt" of the notice. This is a requirement in Title VII cases imposed by 42 U.S.C. § 2000e-5(e)(1), and is presumed to occur not longer than five (5) days after the mailing of the notice. *See Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) ("[t]he Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations terms begins running, on the fifth day following the EEOC's mailing of a [right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period."); *Washington v. Foresman,* 148 F.R.D. 241, 244 (N.D.Ind. 1993) (applying the five-day presumption in Title VII case)(citing *Loyd v. Sullivan,* 882 F.2d 218 (7th Cir. 1989) (five-day presumption in a Social Security case)). Anderson's complaint shows on its face that her filing as to any of these statutory claims was not made within 90 days of the issuance by the EEOC of a right to sue notice on October 19, 2004.

For the reasons explained above, therefore, the motion to dismiss of the IFSSA is granted. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/06/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana